IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID BEHAR,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 23-1924 |
| | : | |
| **U.S. FOOD AND DRUG** | : | |
| **ADMINISTRATION,** *et al.*, | : | |
| Defendant. | : | |

# O R D E R

On May 19, 2023, *pro se* Plaintiff David Behar filed a Complaint against Defendants Xavier Becerra, Robert Califf, the U.S. Department of Health and Human Services, and the U.S. Food and Drug Administration for violating various federal laws by conditioning FDA approval of clozapine on a Risk Evaluation and Mitigation Strategy. (Doc. No. 1.) On August 18, 2023, Plaintiff requested default. (Doc. No. 18.) On September 1, 2023, Defendants moved to dismiss for insufficient service of process and opposed entry of default. (Doc. No. 11.) Plaintiff then effected service of process by certified mail on September 1, 2023 and filed an opposition to Defendants' Motion. (Doc. No. 12.) I will grant Defendants' cross motion to dismiss for insufficient service of process.

### I.     LEGAL STANDARDS

I may not exercise jurisdiction over defendants that have not been properly served. See Lampe v. Xouth, Inc., 952 F.2d 697, 700 (3d Cir. 1991) ("Effective service of process is . . . a prerequisite to proceeding further in a case."); Lawson v. Rite Aid of Pa., Inc., No. 04-1139, 2006 WL 2136098, at *2 (E.D. Pa. July 26, 2006) ("This Court cannot exercise jurisdiction over Defendants that have not been served in accordance with the Federal and Pennsylvania Rules of Civil Procedure."). A *pro se* litigant is not excused from compliance with the Rules. See Faretta

v. California, 422 U.S. 806, 834 n.46 (1975) ("[T]he right of self-representation is not . . . a license not to comply with relevant rules of procedural and substantive law."); Hatcher v. Potter, No. 4-2130, 2005 WL 3348864, at *1 n.1 (E.D. Pa. Dec. 7, 2015).  Insufficient service of process is thus a ground for dismissal.  Fed. R. Civ. P. 12(b)(5).

Rule 4(i) governs service of officers and agencies of the United States (like the Defendants here).  To effectuate proper service on Defendants under Rule 4(i)(2), Plaintiff must: (1) send a copy of the summons and complaint by registered or certified mail to Becerra, Califf, HHS, and FDA; (2) serve the civil-process clerk at the U.S. Attorney's Office for the Eastern District of Pennsylvania; and (3) serve the Attorney General of the United States.  Fed. R. Civ. P. 4(i).

If Plaintiff fails to effect service within ninety days after filing his Amended Complaint, I must dismiss the action without prejudice or direct service within a specified time.  Fed. R. Civ. P. 4(m); cf. Demos v. President of U.S., 365 F. App'x 341, 341 (3d Cir. 2010).  If Plaintiff shows good cause for failure to serve within ninety days, I "must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).  When determining whether good cause exists, I consider: "(1) the reasonableness of plaintiff's efforts to serve; (2) whether the defendant is prejudiced by the lack of timely service; and (3) whether the plaintiff moved for an enlargement of time to serve."  Steele v. HCI Direct, No. 02-4347, 2004 WL 1699611, at *1 (E.D. Pa. 2004) (citing MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995)).

"Even if good cause is not shown, other factors may warrant an extension of time for service."  Chiang v. U.S. Small Business Admin., 331 F. App'x 113, 116 (3d Cir. 2009); see also Torres v. Beard, No. 11-863, 2012 WL 4326866, at *3 (M.D. Pa. Sept. 20, 2012) ("Having concluded that the Plaintiff has not demonstrated good cause for his failure to comply with Rule 4(m), the court now must determine whether we should nonetheless exercise our discretion to

accept the untimely service."). I may consider, *inter alia*: "[1] actual notice of the legal action; [2] prejudice to the defendant; [3] the statute of limitations on the underlying causes of action; [4] the conduct of the defendant; and [5] whether the plaintiff is represented by counsel." Id.  Absent good cause, I may "still dismiss the case, even after considering that the statute of limitations has run and the refiling of an action is barred." Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1306 (3d Cir. 1995). I am, however, guided by "the Third Circuit's preference that cases be tried on the merits." Torres, 2012 WL 4326866, at *4.

## II.    DISCUSSION

Plaintiff filed "Proof of Service" attesting that Defendants had been served "pursuant to Fed. R. Civ. P. 4(i)(1) and 4(i)(2) by Federal Express Standard Overnight service with delivery signatures required." (Doc. No. 6 at 3.) This did not comply with Rule 4. See Kim v. United States, 461 F.Supp.2d 34, 40 n. 5 (D.D.C. 2006) (delivery by Federal Express is not the same as certified or registered mail under Rule 4(i)); Suleymanov v. Winston Premier Logistics, LLC, No. 3:21-CV-810 (JAM), 2023 WL 5767674, at *5 (D. Conn. Sept. 7, 2023) ("courts have concluded that the requirement of service by 'registered or certified mail' means a party must use the U.S. Postal Service rather than a private delivery company like FedEx."); NxSystems, Inc. v. Monterey Cnty. Bank, 2012 WL 4093932, at *2 (D. Or. 2012) ("the term 'mail' in the Federal Rules of Civil Procedure governing service does not encompass private carriers such as Federal Express.").

One hundred and five days after filing the Complaint, and eleven days after Defendants filed a letter indicating they would move to dismiss for failure properly to serve, Plaintiff served all Defendants, the U.S. Attorney for this District, and the U.S. Attorney General by certified mail in compliance with Rule 4(i). (Doc. No. 12.)

Because Plaintiff failed to effect service within ninety days, I can dismiss the case or, if

good cause is shown, extend time for service. Fed. R. Civ. P. 4(m). Plaintiff urges his initial service via FedEx was "in an effort to effect service as expeditiously as possible." (Doc. No. 13 at 3.) Plaintiff has initiated this suit twice before and both times failed to effect proper service. (See Behar v. FDA (Behar I), No. 20-cv-5597 (E.D. Pa. Nov. 5, 2020); Behar v. FDA (Behar II), No. 21-cv-3130 (E.D. Pa July 9, 2021).) Plaintiff may not equate "ignor[ing] the unequivocal instructions of Rule 4(i) and [instead] us[ing] unauthorized methods" to serve federal agencies with good cause, particularly when he was on notice of exactly what Rule 4(i) requires from briefing in the other cases. Chiang, 331 F. App'x at 115-6; Edwards v. Hillman Grp. Co., 847 F. App'x 112, 115 (3d Cir. 2021) ("lack of understanding of the requirement of Rule 4(i), even after the District Court pointed him to that rule, is not good cause for his lack of proper service.").

I am thus unable to find good cause. I will next consider whether I should accept Plaintiff's untimely service and excuse his failure to serve absent good cause. Chiang, 331 F. App'x at 116.

Although Plaintiff accuses the Defendants of playing "procedural games," there is nothing suggesting that they have sought to evade service. (Doc. No. 13.) Rather, Plaintiff has failed to make timely service because he did not seek to use certified mail until after the ninety-day time limit had expired. Although Plaintiff is *pro se*, he has had ample opportunity and guidance respecting proper service from his two prior efforts to initiate this litigation. His continued failure to make proper service thus appears to be intentional. Moreover, Plaintiff has not raised concerns regarding statute of limitations, nor will Plaintiff's procedural challenges to the agency's rules under the APA be time-barred by this dismissal. 5 U.S.C.A. § 551 et seq; 5 C.F.R. § 178.104.

In sum, I will not excuse Plaintiff's untimely service and failure to serve. I will dismiss Plaintiff's Complaint for failure to prosecute. Fed. R. Civ. P. 4(m).

\*   \*   \*

**AND NOW**, this 26th day of September, 2023, upon consideration of Plaintiff's Complaint (Doc. No. 1), Plaintiff's Affidavits of Service (Doc. Nos. 6, 12), Defendants' Motion to Dismiss for Insufficient Service of Process & Opposition to Entry of Default (Doc. No. 11), it is hereby **ORDERED** that:

1. Defendants' Motion (Doc. No. 11) is **GRANTED**; and
2. Plaintiff's Complaint (Doc. No. 1) is **DISMISSED** without prejudice.  Fed. R. Civ. P. 4(m).

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*

Paul S. Diamond, J.